U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
**Dec 01 - 2025**
John M. Domurad, Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JING CHEN,

                Plaintiff,

-against-                **Civil Action No.** 5:25-cv-1673 (GTS/TWD)

DAVID P. WILLIAMS,

                Defendant.

---

# COMPLAINT

*(Computer Fraud and Abuse Act, 18 U.S.C. § 1030)*

## JURY TRIAL DEMANDED

### INTRODUCTION

1. Plaintiff Jing Chen ("Plaintiff") brings this civil action against Defendant David P. Williams ("Defendant") pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"), seeking compensatory damages, injunctive relief, and other equitable relief for Defendant's intentional, unauthorized access to Plaintiff's protected computer, which caused damage, loss, and interference with Plaintiff's employment opportunities.
2. This action arises from Defendant's deliberate remote access to a computer used by Plaintiff on November 5, 2025, during Plaintiff's job interview conducted via Microsoft Teams, causing system conflicts that sabotaged the interview and damaged Plaintiff's employment prospects.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because this action arises under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, a federal statute.
2. The Court has personal jurisdiction over Defendant because Defendant is a resident of Onondaga County, New York, which is within this judicial district.
3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in Onondaga County, New York, which is within this District, and because Defendant resides in this District.

### PARTIES

1. Plaintiff Jing Chen is an individual residing at 300 Parrish Lane, Syracuse, New York 13205, within Onondaga County.
2. Defendant David P. Williams is an individual who, upon information and belief, currently resides with his mother at an address in the Syracuse, New York area, within Onondaga County. Defendant is Plaintiff's estranged husband, and a divorce action is

currently pending between the parties in Onondaga County Supreme Court, Index No. 003167/2025.

## FACTUAL BACKGROUND

### A. The Protected Computer

1. At all times relevant to this Complaint, Plaintiff used a personal computer located at the marital residence at 300 Parrish Lane, Syracuse, New York 13205.
2. The computer is connected to the internet and is used in or affects interstate commerce or communication, making it a "protected computer" as defined by 18 U.S.C. § 1030(e)(2)(B).
3. The computer runs the Windows operating system and was configured with a user account under the username "DaWill," associated with the Microsoft account dawill10@hotmail.com, which belongs to Defendant.
4. Prior to November 5, 2025, Plaintiff had disabled the automatic sign-in feature for Defendant's Microsoft account and had configured the user account as a "local account" to prevent remote access by Defendant.

### B. Revocation of Authorization

5. Plaintiff and Defendant are parties to an ongoing matrimonial action in Onondaga County Supreme Court, Index No. 003167/2025.
6. On or about September 2025, Defendant moved out of the marital residence at 300 Parrish Lane, Syracuse, New York 13205.
7. Plaintiff took affirmative steps to revoke any authorization Defendant may have previously had to access the computer by: (a) disabling the automatic Microsoft account sign-in feature; (b) converting the Windows user account to a local account; and (c) using the computer exclusively for her own purposes.
8. At no time after Defendant moved out of the marital residence did Plaintiff authorize Defendant to remotely access the computer at 300 Parrish Lane.

### C. The November 5, 2025 Incident

9. On November 5, 2025, Plaintiff was conducting a job interview via Microsoft Teams using the computer at 300 Parrish Lane.
10. During the interview, Defendant, without Plaintiff's authorization or knowledge, remotely logged into the same Microsoft account (dawill10@hotmail.com) that was associated with the computer's user profile.
11. Defendant's unauthorized remote login occurred from a different location, using a different device or IP address than Plaintiff's computer.
12. As a direct and proximate result of Defendant's simultaneous login to the same Microsoft account, the following system conflicts occurred:
    (a) Plaintiff's camera was disabled and ceased to function;
    (b) Plaintiff experienced "double sound" or audio feedback issues;
    (c) Defendant's account name appeared in the Teams meeting interface;
    (d) Plaintiff was unable to sign out of Defendant's account during the interview.
13. These technical disruptions impaired Plaintiff's ability to conduct her job interview in a professional manner, causing damage to her employment prospects.
14. Plaintiff recorded the interview, which captured the technical disruptions caused by Defendant's unauthorized access.

### D. Evidence Destruction

15. Following the November 5, 2025 incident, Plaintiff discovered that certain security logs on the computer had been deleted.
16. Specifically, the security logs related to Microsoft Teams sign-in activity were missing, with the oldest remaining log dated the day Plaintiff discovered the deletion.
17. Additionally, the Microsoft Teams folder containing application logs was deleted from the computer, although the Teams application itself remained installed.
18. Plaintiff preserved a Windows Event Log (.evtx) file from November 5, 2025, which contains evidence of activity on the computer during the time of the incident.
19. Upon information and belief, Defendant intentionally deleted these logs to conceal evidence of his unauthorized access.

### E. Pattern of Employment Sabotage

20. The November 5, 2025 incident is part of a pattern of conduct by Defendant designed to sabotage Plaintiff's employment opportunities.
21. On April 18, 2025, Defendant engaged in similar conduct when he attempted to interfere with Plaintiff's computer recovery efforts immediately before another job interview, following a suspicious phone call that tampered with Plaintiff's computer.
22. Plaintiff documented the April 18, 2025 incident in contemporaneous text messages to friends and emails to her attorney.
23. Defendant has stated, in communications documented in the matrimonial proceedings, that he does not want Plaintiff to obtain employment or income, expressing his intention to engage in "economic warfare" against Plaintiff.

### F. Damages and Loss

24. As a direct and proximate result of Defendant's unauthorized access, Plaintiff has incurred and will continue to incur costs and losses, including but not limited to:

    (a) Costs of investigating the security breach and assessing the damage;

    (b) Costs of computer forensic examination to determine the extent of unauthorized access;

    (c) Costs of securing the computer system and preventing future unauthorized access;

    (d) Lost employment opportunity and income resulting from the sabotaged job interview;

    (e) Time spent responding to and documenting the offense.

25. Plaintiff's losses exceed $5,000 in the aggregate within the one-year period following Defendant's violations, satisfying the jurisdictional threshold under 18 U.S.C. § 1030(c)(4)(A)(i)(I).

## COUNT I

*Violation of 18 U.S.C. § 1030(a)(2)(C)*

(Intentional Unauthorized Access to Protected Computer)

1. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.
2. On November 5, 2025, Defendant intentionally accessed a protected computer without authorization.
3. By remotely logging into the Microsoft account associated with Plaintiff's computer, Defendant accessed a protected computer as defined by 18 U.S.C. § 1030(e)(2)(B).
4. Defendant's access was "without authorization" as Plaintiff had taken affirmative steps to revoke any prior authorization and Defendant knew or should have known that he was not authorized to access the computer remotely.
5. By means of such access, Defendant obtained information from the protected computer, including information about Plaintiff's Microsoft Teams session and interview activity.
6. Defendant's violation caused Plaintiff to suffer loss aggregating at least $5,000 in value during a one-year period, as defined by 18 U.S.C. § 1030(e)(11).
7. Pursuant to 18 U.S.C. § 1030(g), Plaintiff is entitled to compensatory damages, injunctive relief, and other equitable relief.

## COUNT II

*Violation of 18 U.S.C. § 1030(a)(5)(C)*

(Intentional Unauthorized Access Causing Damage and Loss)

1. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.
2. On November 5, 2025, Defendant intentionally accessed a protected computer without authorization.
3. As a result of such conduct, Defendant caused damage to Plaintiff, as defined by 18 U.S.C. § 1030(e)(8), by impairing the integrity and availability of Plaintiff's computer system, data, and information.
4. Specifically, Defendant's unauthorized access impaired: (a) the computer's camera functionality; (b) the computer's audio functionality; (c) the Microsoft Teams application's normal operation; and (d) the integrity of system logs (which were subsequently deleted).
5. Defendant's violation caused Plaintiff to suffer loss aggregating at least $5,000 in value during a one-year period.
6. Pursuant to 18 U.S.C. § 1030(g), Plaintiff is entitled to compensatory damages, injunctive relief, and other equitable relief.

## COUNT III

*Violation of 18 U.S.C. § 1030(a)(5)(A)*

(Knowingly Causing Transmission Causing Damage - Evidence Destruction)

1. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.
2. Upon information and belief, Defendant knowingly caused the transmission of a program, information, code, or command to Plaintiff's protected computer.

3. As a result of such conduct, Defendant intentionally caused damage to Plaintiff's protected computer by deleting security logs and the Microsoft Teams log folder to conceal evidence of his unauthorized access.
4. The deletion of logs constitutes damage as defined by 18 U.S.C. § 1030(e)(8) by impairing the integrity and availability of data and information on Plaintiff's computer.
5. Defendant's violation caused Plaintiff to suffer loss aggregating at least $5,000 in value during a one-year period.
6. Pursuant to 18 U.S.C. § 1030(g), Plaintiff is entitled to compensatory damages, injunctive relief, and other equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jing Chen respectfully requests that this Court enter judgment against Defendant David P. Williams as follows:

A. Compensatory damages in an amount to be proven at trial, including but not limited to the costs of investigating and responding to the security breach, computer forensic examination costs, costs of securing the computer system, and lost income from the sabotaged employment opportunity;
B. A permanent injunction prohibiting Defendant from accessing, or attempting to access, any computer, device, account, or electronic communication belonging to or used by Plaintiff;
C. A permanent injunction requiring Defendant to: (i) disclose all means by which he has accessed or monitored Plaintiff's computers, devices, or accounts; and (ii) disable any remote access capabilities to Plaintiff's computers, devices, or accounts;
D. Pre-judgment and post-judgment interest at the maximum rate permitted by law;
E. Costs of suit, including reasonable attorney's fees if permitted by law;
F. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: Syracuse, New York
    November 29, 2025

    Respectfully submitted,

    *Jing Chen*
    _____
    JING CHEN, Pro Se Plaintiff
    300 Parrish Lane
    Syracuse, NY 13205
    Telephone: [Your Phone Number] 2034931053
    Email: lrunmei@gmail.com

## VERIFICATION

STATE OF NEW YORK )

) ss.:

COUNTY OF ONONDAGA )

JING CHEN, being duly sworn, deposes and says:

I am the Plaintiff in the above-captioned action. I have read the foregoing Complaint and know the contents thereof. The same is true to my own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

I affirm under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: 11/29/2025

_____
JING CHEN