UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JING CHEN,

                                Plaintiff,
                                                                    5:25-CV-1673
v.                                                                  (GTS/CBF)

DAVID P. WILLIAMS,

                                Defendant.

_____

APPEARANCES:

JING CHEN
  Plaintiff, *Pro Se*
300 Parrish Lane
Syracuse, New York 13205

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court, in this *pro se* civil rights action filed by Jing Chen

("Plaintiff") against David P. Williams ("Defendant"), are (1) United States Magistrate Judge

Thérèse Wiley Dancks' Report-Recommendation recommending that Plaintiff's Complaint be

dismissed without prejudice, (2) Plaintiff's Objections to the Report-Recommendations, and (3)

Plaintiff's Amended Complaint.  (Dkt. Nos. 9, 10, 11.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks'

thorough Report-Recommendation, the Court can find no error in the portions of the Report-

Recommendation to which Plaintiff has specifically objected, and no clear error in the remaining

portions of the Report-Recommendation: Magistrate Judge Dancks employed the proper

1

standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. To those reasons, the Court adds only two brief points.

First, in her Objections, Plaintiff argues that dismissal is not warranted because, liberally construed, her original Complaint alleges facts plausibly suggesting a violation of the Computer Fraud and Abuse Act ("CFAA") and that the Court erred in applying the domestic-relations exception to federal jurisdiction. (Dkt. No. 10.) The Court respectfully disagrees: even when construed with the utmost of special leniency, the factual allegations of Plaintiff's original Complaint do not plausibly suggest a claim under the CFAA. (*See generally* Dkt. No. 1.)

Second, before it may refer Plaintiff's Amended Complaint to Magistrate Judge Freedman for review of its pleading sufficiency,[1] the Court must confirm with Plaintiff that she indeed intends to proceed in this action based on her Amended Complaint. This is because, when she filed her Amended Complaint, Plaintiff did not yet have the benefit of the Court's Decision and Order on Magistrate Judge Dancks' Report-Recommendation. *Cf. Cresci v. Mohawk Valley Community College*, 693 F. App'x 21, 25 (2d Cir. June 2, 2017) ("The court's criticism of Cresci for failure to submit a proposed amended complaint before learning whether, and in what respects, the court would find deficiencies was unjustified, and the court's denial of leave to replead, simultaneously with its decision that the complaint was defective, effectively deprived Cresci of a reasonable opportunity to seek leave to amend."). As a result, the Court will

---

[1] On February 13, 2026, the Court reassigned the case to Magistrate Judge Carla B. Freedman for all further proceedings. (Dkt. No. 14.)

give Plaintiff a reasonable opportunity to either (1) confirm that she indeed intends to proceed on her Amended Complaint (Dkt. No. 11), or (2) file a revised Amended Complaint.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 9) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) **shall be DISMISSED without prejudice** and without further Order of this Court, unless, within **THIRTY (30) DAYS** of the entry of this Decision and Order, Plaintiff cures the pleading defects identified in the Report-Recommendation; and it is further

**ORDERED** that, within the above-described 30-day time period, Plaintiff either (1) files a letter to the Court stating that she intends to rely on her Amended Complaint filed on February 2, 2026 (Dkt. No. 11), or (2) files a revised Amended Complaint; and it is further

**ORDERED** that, should Plaintiff do either of the above-described two things, her Amended Complaint shall be referred to Magistrate Judge Freedman for further review pursuant to 28 U.S.C. § 1915.

Dated: April 7, 2026
      Syracuse, New York

_____
HON. GLENN T. SUDDABY
United States District Judge

3